Filed 1/27/21  P. v. Fitzgerald CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>GEORGE EDWARD FITZGERALD III,<br><br>  Defendant and Appellant. | G058833<br><br>(Super. Ct. No. 98NF3130)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Reversed and remanded.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Lynne G. McGinnis and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

George Edward Fitzgerald, who was 18 years old at the time he participated in an attempted robbery of a liquor store during which the store clerk was killed, appeals from the trial court's denial of his petition for resentencing that he filed pursuant to Penal Code section 1170.95.[1] This statutory provision allows a petitioner to seek to have a murder conviction vacated for resentencing when, among other possibilities, the prosecutor "proceed[ed] under a theory of felony murder . . . ." (§ 1170.95, subd. (a)(1).) Respondent concedes that in denying the petition summarily, the trial court was factually mistaken when it concluded Fitzgerald was ineligible for relief because he "does not stand convicted of murder" or because his "murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability . . . ."

As respondent further concedes, the trial court also mistakenly believed a gun enhancement had been found true indicating Fitzgerald "personally discharge[d] a firearm causing death" (citing § 12022.53, subd. (d)), and as a result found that this "exemplifie[d] the active role the jury found the defendant played in this case of personally shooting the deceased victim in count 1." To the contrary, the record of conviction, including this court's prior opinion in Fitzgerald's direct appeal, unequivocally demonstrated that it was Fitzgerald's companion who shot the clerk to death. Fitzgerald, a non-shooter, was convicted under a felony murder theory (§ 187, subd. (a)); the jury also found true a special circumstance allegation that the murder occurred during the commission of an attempted robbery. (§ 190.2, subd. (a)(17)(A); *People v. Fitzgerald* (Mar. 19, 2003, G027799) [nonpub. opn.] (*Fitzgerald*).)

---

[1] All further statutory references are to the Penal Code.

2

In addition to the trial court's incorrect factual conclusions, this case is unusual in that the original trial judge (Hon. Richard L. Weatherspoon) who sentenced both Fitzgerald and his codefendant concluded that, as to Fitzgerald, this was one of the exceedingly rare cases in which *People v. Dillon* (1983) 34 Cal.3d 441 (*Dillon*) applied. The trial court therefore elected not to impose the statutory life without possibility of parole sentence on Fitzgerald. Fitzgerald seems to have relied on this finding of lesser culpability as a basis for his resentencing petition. The trial court did not address this issue in its 1170.95 ruling. Given the errors and oversights in the trial court's initial evaluation of Fitzgerald's petition, we conclude the proper remedy is to reverse and remand the matter to allow the trial court to reconsider the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

In June of 2000, a jury convicted Fitzgerald of first degree murder and attempted second degree robbery. The jury also found true a vicarious firearm enhancement as to Fitzgerald. (§ 12022, subd. (a)(1).) The information specified that it was Fitzgerald's codefendant, Ciron Bentay Springfield, who was charged with personally discharging the firearm. (§ 12022.53, subd. (d).) As noted, the jury also found true the special circumstance allegation that Fitzgerald committed the murder while engaged in an attempted robbery.

The reporter's transcript at sentencing indicates that Fitzgerald and Springfield were tried separately.[2] The court's comments at sentencing reflect that it had "imposed the sentence of 50 years to life on Ciron Springfield." After granting Fitzgerald's motion under *Dillon*, the court declined to sentence him to life in prison without parole (LWOP) as would normally be required due to the special circumstance finding. (§ 190.2, subd. (a).) Instead, it "impos[ed] 30 years to life on Mr. Fitzgerald,"

---

[2] We granted Fitzgerald's request to augment the record on appeal with the transcript, which is also available to the trial court on remand in its court file.

determining that the defendants' respective terms "are the appropriate and proportionate sentences for the[ir] responsibility in this case."

Fitzgerald filed his resentencing petition in December of 2019; the trial court denied it in January of 2020. In his petition, Fitzgerald checked a box stating: "I was convicted of 1st degree felony murder and I could not now be convicted because of changes to Penal Code § 189, effective January 1, 2019, for the following reasons (all must apply): [¶] I was not the actual killer." Fitzgerald also checked this box: "I did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree." Finally, he checked this box: "I was not a major participant in the felony or I did not act with reckless indifference to human life during the course of the crime or felony." These reasons tracked the prerequisites for resentencing under section 1170.95, subdivision (a)(3).

Fitzgerald's petition also included a check-marked box stating: "**(If applicable)** There has been a prior determination by a court or jury that I was not a major participant and/or did not act with reckless indifference to human life under Penal Code § 190.2(d)."

The trial court denied the petition in a minute order for the reasons given above. Fitzgerald now appeals.

## DISCUSSION

1.  *Governing Law and Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, restricted the application of the felony murder rule by making changes to section 189. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248-249.) Those changes were accomplished by the addition of section 189, subdivision (e). (Stats. 2018, ch. 1015, § 3.) Under current law, a person may not be convicted of felony murder unless he or she was the actual killer, harbored the intent to kill in assisting in committing

4

the underlying offense, or other conditions were met.  (§ 189, subd. (e)(1)-(3).)  Absent committing the slaying or harboring an intent to kill, a person can be guilty of felony murder only if he or she was both a "major participant" in the crime and acted with "reckless indifference to life."  (*Id.*, subd. (e)(3).)

Reckless indifference to life "requires subjective awareness of a higher degree of risk than the 'conscious disregard for human life' required for conviction of second degree murder based on implied malice."  (*People v. Johnson* (2016) 243 Cal.App.4th 1247, 1285.)  The former involves "'"'knowingly engag[ing] in criminal activities known to carry *a grave risk of death*,'"'" and [the defendant must be] 'aware of and willingly involved in the violent manner in which the particular offense is committed, demonstrating reckless indifference to the *significant risk of death* his or her actions create.'"  (*Ibid.*)  Knowing participation in a robbery is not sufficient, including knowledge of the "'mere fact . . . that a gun will be used in the felony . . . .'"  (*People v. Price* (2017) 8 Cal.App.5th 409, 448-449.)  The "conscious disregard" standard presents a lower threshold, requiring "'awareness of engaging in conduct that *endangers the life of another*,'" without necessarily knowing it "has a high probability" or "poses a 'grave' risk of death."  (*People v. Johnson, supra*, at p. 1285.)

At the time of Fitzgerald's trial, conviction under a felony murder theory did not require the jury to determine he had *either* of these mental states.  Instead, as the court instructed his jury:  "The unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs [during the attempted commission of the crime] of robbery is murder of the first degree when the perpetrator had the specific intent to commit that crime," i.e., attempted robbery.  (CALJIC No. 8.21.)

Section 1170.95 provides a relatively new mechanism for defendants to have their felony murder convictions vacated for resentencing if they "could not be convicted of . . . murder because of changes to" section 189.  (§ 1170.95, subd. (a)(3).)

5

A defendant's eligibility for such relief is determined by a multistep review. (*Id.*, subds. (b), (c).)

First, the trial court must determine whether the petition is facially sufficient in that it provides information like the case number, year of conviction, and the petitioner's declaration of his or her eligibility, as required by section 1170.95, subdivision (b)(1). (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-328, review granted Mar. 18, 2020, S260493 (*Verdugo*).) During this initial review the court may supply any missing information that can be "readily ascertained" (§ 1170.95, subd. (b)(2)) from reliable, accessible information, including the record of conviction. (*Verdugo*, at pp. 328-330.) Absent the requisite preliminary information, the court "may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

If the petition is facially sufficient, the trial court determines as a second step whether the petitioner has made "a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329.)[3] In conducting this analysis, the trial court may again examine "readily available portions of the record of conviction" (*Verdugo*, at p. 323), including the "complaint, information or indictment filed against the petitioner; the verdict form or

---

[3] In *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598, the court held that a trial court may rely on the record of conviction in determining whether the defendant's petition makes a prima facie showing that he or she falls within the provisions of the statute. *Verdugo* reached the same conclusion, relying on *Lewis*. Pending further guidance from our Supreme Court, we similarly conclude the trial court may consider the record of conviction to determine whether the petitioner has stated a prima facie case for resentencing.

factual basis documentation for a negotiated plea; and the abstract of judgment." (*Id.* at pp. 329-330.) Other, nonexhaustive examples of record information the court may choose to consult include jury instructions and appellate opinion(s) in the case, if any. (*Id.* at p. 333.)

The trial court may find it useful at this stage to involve counsel. As respondent observes, "a superior court may conclude that locating and reviewing the relevant materials in the record of conviction is too onerous or complex under the facts of a given case, and that briefing would be helpful . . . ."

Under this scenario, or if the trial court's review of the petition and record do not otherwise foreclose eligibility for relief, the court proceeds to the third step. There, the prosecutor has the chance to respond to the petition and appointed counsel (if requested by the defendant) may reply. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.) At this stage, which is a "second prima facie review" after the trial court's initial unaided review, the court still draws all reasonable inferences in favor of the petitioner. (*Id.* at p. 328.) The question is whether the petitioner has made a prima facie showing he or she is entitled to relief. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 976 (*Drayton*).)

If the petitioner meets this burden, only then does a hearing take place as the final step in the process. (§ 1170.95, subd. (d); *Drayton*, *supra*, 47 Cal.App.5th at pp. 980-981.) At the hearing, the burden shifts to the prosecutor "to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Drayton*, at p. 981.) Both the prosecution and the defense may rely on the record of conviction; either may also offer new or additional evidence. (§ 1170.95, subd. (d)(3).)

2.     *Analysis*

As respondent concedes, the trial court here stopped at step two of the analytical process described above.

Respondent argues we should undertake the trial court's obligatory assessment of Fitzgerald's petition and determine that because the jury found him liable for the special circumstance, he cannot establish a prima facie case that he may be eligible for resentencing. Respondent relies on the fact that the special circumstance instruction required the jury to find he acted "with reckless indifference to human life and as a major participant . . . in the commission of the crime of attempted robbery." Thus, respondent contends Fitzgerald cannot establish that he "could not be convicted of . . . murder *because of*" (§ 1170.95, subd. (a)(3) (italics added)) changes to the felony murder statute (§ 189), as required for resentencing.

This argument ignores the original trial court's *Dillon* finding and subsequent sentence. After its *Dillon* ruling, the trial court sentenced Fitzgerald to 25 years to life in prison for "first degree murder," with five consecutive years for attempted robbery and the vicarious firearm possession enhancement. The trial court's first degree murder sentence could only have been based on felony murder, as that was the sole theory advanced by the prosecutor. The trial court's *Dillon* ruling indicates it determined it could not constitutionally impose the LWOP sentence mandated by the special circumstance.

To properly and fully assess Fitzgerald's section 1170.95 petition, the trial court must determine whether, in light of the original trial court's *Dillon* finding and sentence, Fitzgerald can make a prima facie case that he is entitled to resentencing. Since he was not the actual killer, and he was convicted under a felony murder theory, the trial court must determine whether the record of conviction, viewed as a whole and most favorably to Fitzgerald, establishes a prima facie case that he did not act with reckless indifference to life or as a major participant in the attempted robbery. In making this determination, the court must ascertain the scope and effect of the original trial court's *Dillon* ruling and sentencing choice. In other words, the court must determine as best it can *why* the original trial court ruled as it did, including whether those reasons indicate

8

Fitzgerald did not act with the requisite indifference to life or as a major participant in the crime. The trial court should examine the transcript of the sentencing hearing, the probation report, the parties' sentencing briefs (if any), and any other records it deems relevant. The trial court should enlist the assistance of counsel in this inquiry by appointing defense counsel, as Fitzgerald requested in his petition.

We note that this court's prior opinion found that the trial court did not "strike" the special circumstance finding, as respondent had argued that the court's *Dillon* ruling violated section 1385.1's prohibition against striking special circumstance findings. (*Fitzgerald*, *supra*, G027799.) Instead, a panel of this court observed that respondent did not appeal the original trial court's *Dillon* finding, therefore waiving respondent's sentencing challenge. (*Ibid.*) The trial court on remand is directed to determine whether the original trial court in its *Dillon* ruling reached a conclusion as to whether Fitzgerald harbored the requisite mental state for the special circumstance. The trial court should also determine the effect of section 1385.1 on that finding, if any, for purposes of resentencing pursuant to section 1170.95.

## DISPOSTION

The trial court's denial of Fitzgerald's petition for resentencing under section 1170.95 is reversed. The matter is remanded to allow the court to appoint counsel to represent petitioner and to thereafter reconsider the petition in a manner consistent with this opinion. We express no opinion on the issues raised herein and nothing contained in this opinion should be viewed as precluding the parties from renewing arguments made on appeal or advancing new ones. We determine only that reversal is

9

required because, as respondent concedes, the current record does not support denial of Fitzgerald's petition.

GOETHALS, J.

WE CONCUR:

O'LEARY, P. J.

FYBEL, J.